ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 7, 2012

The Honorable Jeri Yenne
Brazoria County Criminal District Attorney
111 East Locust, Suite 408A
Angleton, Texas   77515

Opinion No.  GA-0923

Re:  Identity of the proper prosecutorial entity to prosecute violations of criminal regulations enacted by the Commodore Cove Improvement District (RQ-1007-GA)

Dear Ms. Yenne:

You ask who is the proper prosecuting entity to prosecute violations of criminal regulations enacted by the Commodore Cove Improvement District ("the District").[1]  You inform us that the District was created as a conservation and reclamation district under Article XVI, section 59 of the Texas Constitution, with the powers and duties of a water control and improvement district under chapters 49 and 51 of the Texas Water Code. Request Letter at 2.  You further state that the district has adopted criminal regulations providing for punishment by fine of up to $500 and that citations have been issued and filed in justice court. *Id.* at 1, 3.

Chapter 51 of the Water Code authorizes a water control and improvement district to adopt and enforce certain reasonable rules and regulations, which the courts are to recognize as if they were penal ordinances of a city. TEX. WATER CODE ANN. §§ 51.122, .127, .128 (West 2008).  An offense under chapter 51 is a Class C misdemeanor. *Id.* § 51.241.  Chapter 49 of the Water Code authorizes a district to "contract for or employ its own peace officers with power to make arrests when necessary to prevent or abate the commission of . . . any offense against the rules of the district when the offense or threatened offense occurs on any land, water, or easement owned or controlled by the district." *Id.* § 49.216(a)(1).  However, neither chapter 49 nor chapter 51 identifies the person or entity who is to prosecute chapter 51 offenses.

Jurisdiction for a Class C misdemeanor created by city ordinance generally lies in both justice courts and municipal courts. *See* TEX. CODE CRIM. PROC. ANN. arts. 4.11 (West Supp. 2011) (justice court jurisdiction), 4.14 (municipal court jurisdiction); TEX. GOV'T CODE ANN. § 29.003 (West Supp. 2011) (municipal court jurisdiction).  And chapter 45 of the Code of Criminal Procedure

---

[1]*See* Letter from Honorable Jeri Yenne, Brazoria Cnty. Criminal Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1, 3–4 (Oct. 17, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

identifies the persons who are authorized to conduct prosecutions in justice courts and in municipal courts. *See* TEX. CODE CRIM. PROC. ANN. arts. 45.001–.203 (West 2006 & Supp. 2011). In a justice court, "[a]ll prosecutions . . . shall be conducted by the county or district attorney or a deputy county or district attorney." *Id.* art. 45.101(a) (West 2006). In a municipal court, prosecutions are to be conducted by the city attorney or a deputy city attorney of the municipality, although the county attorney may, if the county attorney so desires, represent the state in such prosecutions. *Id.* art. 45.201; *see also* TEX. GOV'T CODE ANN. § 44.120(b) (West 2004) (providing that the powers and duties of the Brazoria County Criminal District Attorney include those of a county attorney).[2] Consequently, the proper prosecutorial entity to prosecute a violation of a District ordinance under chapter 51 of the Water Code will generally depend on whether the citation or complaint has been filed in a justice court or a municipal court.

---

[2]We do not address the court's authority to appoint a prosecutor under specific circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 45.031 (West 2006) (court's authority to appoint an attorney pro tem).

## S U M M A R Y

The proper prosecutorial entity to prosecute a violation of a water control and improvement district ordinance under chapter 51 of the Water Code will generally depend on the court in which the citation or complaint is filed. Prosecutions of such violations in justice court are to be conducted by the county attorney, district attorney, or deputy county attorney or district attorney. Prosecutions of such violations in municipal court are generally to be conducted by the city attorney or deputy city attorney.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee